IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Columbia Farms, Inc., | ) | C.A. 0:04-1117-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | **ON MOTIONS FOR** |
| AmeriCold Logistics, LLC and | ) | **SUMMARY JUDGMENT** |
| Norfolk Southern Railway Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on separate motions for summary judgment by Defendant AmeriCold Logistics, LLC ("Americold") and Plaintiff Columbia Farms, Inc. ("Columbia Farms"). Americold filed its motion on March 18, 2005, arguing that Columbia Farms had not produced evidence of wrongdoing by Americold. Columbia Farms filed its motion on April 18, 2005, seeking summary judgment on its claims against Defendant Norfolk Southern Railway Company, ("Norfolk Southern"). For the reasons set forth below, Americold's motion is granted in part and denied in part, and Columbia Farms' motion is denied.

## BACKGROUND[1]

Columbia Farms, a chicken product processing and distribution center, instituted this action seeking recovery for the loss of 3000 cases of frozen chicken. Columbia Farms sells both fresh and frozen chicken to its customers, but it does not have freezing and storing capabilities at its facility. Columbia Farms uses Americold to freeze and store its product. Americold is the operator of a frozen food storage facility in Columbia, South Carolina.

On or about September 2, 2003, Columbia Farms issued a "freezer release" to Americold for

---

[1] The facts presented in this section have not been disputed.

a shipment of 3000 cases of frozen chicken to Western Boxed Meat in East Portland, Oregon. Americold utilized Norfolk Southern to transport the product to the required destination. On or about September 26, 2003, the Norfolk Southern railcar loaded with Carolina Farms' product was discovered in Macon, Georgia, and the chicken appeared to be spoiled. The railcar was returned to the Americold facility on October 14, 2003, where it was inspected by employees of Columbia Farms and Americold. It was determined that the entire product was destroyed.

Seeking damages for the loss of its chicken product, Columbia Farms instituted this action in the Court of Common Pleas for Richland County, South Carolina, and the action was removed by Defendant Americold. Plaintiff subsequently amended its complaint on June 2, 2004. Columbia Farms asserts causes of action against Americold for breach of contract and negligence, and against both Americold and Norfolk Southern for liability under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 11706 et. seq.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655

2

(1962).

## DISCUSSION

### I. Americold's Motion

Americold argues that it is entitled to summary judgment because Columbia Farms has not produced any evidence of wrongdoing by Americold. With regard to the breach of contract claim, Americold asserts that no written or oral agreements existed between the parties regarding the particular shipment of chicken at issue, and that the freezer release sent to Americold to release the chicken product did not contain any conditions between the parties. Americold points to the deposition of Columbia Farms' 30(b)(6) designee, Jason Lee, who was not able to state any manner in which Americold breached any agreement it may have had with Columbia Farms in relation to the shipment, nor was Mr. Lee aware of any factual evidence to support the breach of contract claims in the complaint.

Americold also argues that there is no evidence of any negligence on its part that could have caused the spoilation of the chicken product. Again, Mr. Lee stated in his deposition that he was not aware of any evidence of any negligence on the part of Americold that caused any harm to any of Columbia Farms' products.

Americold's version of the facts is substantiated by the deposition testimony of its employee, Joe Kinard. Mr. Kinard testified that when the freezer car was delivered to Americold's facility on or about September 23, 2003, he checked the car to ensure that it was cooling properly, set the thermostat to minus-10 degrees Fahrenheit, and began to load the chicken onto the car. After completing the loading, Americold's employees closed and sealed the car and checked the

3

temperature of the car prior to ending the work day. At closing, Mr. Kinard witnessed that the railcar was reading 4 degrees Fahrenheit and appeared to be working properly. The railcar was picked up sometime during the evening of September 23 and the morning of September 24, 2003 by Norfolk Southern and removed from Americold's facility. When the railcar and spoiled chicken were discovered in Macon, Georgia, Americold maintains that the seal placed on the car had been broken.

Finally, Americold asserts that it is not liable under 49 U.S.C. § 11706(a), which addresses liability for actual loss or injury to property caused by a receiving rail carrier, a delivering rail carrier, or another rail carrier over whose line the property in question was transported. Americold maintains that it is not a rail carrier, it did not deliver any product for Columbia Farms, but rather it is a storage and freezing facility used by Columbia Farms to freeze, store and load its chicken product.

In response to Americold's motion, Columbia Farms maintains that there is clearly a contract between the parties. Americold handles Columbia Farms' product on a daily basis. Pursuant to this business relationship, Columbia Farms sends a written freezer release to Americold to inform them of the customer, quantity, and destination for their product. Upon receipt of the release, Americold prepares the shipment and contacts Norfolk Southern to deliver the Columbia Farms' product. Columbia Farms asserts that Americold receives the rail car, checks the thermostat and prepares the railcar, loads the railcar with Columbia Farms' product, and closes and seals the doors on the railcar. The conduct of both parties in combination with the written freezer release, argues Plaintiff, constitutes a contract between Columbia Farms and Americold. In light of this agreement, and the fact that the product was destroyed, Plaintiff asserts that a genuine issue of material fact exists as to the breach of contract claim.

Columbia Farms also asserts that Americold had a duty to ensure the proper freezing, preparing, storing, and facilitating of Columbia Farms' product to its customers – Western Boxed

4

Meat, in this case. Without pointing to any specific facts, Columbia Farms argues that a genuine issue of fact exists regarding whether or not Americold breached this duty, resulting in destruction of the product.[2]

### II. Columbia Farms' Motion

Columbia Farms argues that it is entitled to summary judgment against Norfolk Southern under the provisions of the Carmack Amendment. Columbia Farms asserts that Americold loaded the frozen Columbia Farms' product in good condition on the Norfolk Southern railcar, and that the load was destroyed while it was in the custody of Norfolk Southern during transportation to a Columbia Farms' customer. Plaintiff calculates the amount of damages to be $77,371.60, as shown on the invoice to Western Boxed Meat.

Norfolk Southern, on the other hand, argues that Columbia Farms has failed to sufficiently present undisputed evidence that the product was delivered to the carrier in good condition. Furthermore, Norfolk Southern argues that it was not negligent, and it presents evidence that the loss was caused by the failures of the shipper itself given the perishable nature of the freight.

Norfolk Southern asserts that when the railcar arrived in the Norfolk Southern rail yard in Macon, Georgia, an inspection revealed that the west side door was ajar, but that the original seal on the door was still intact. An affidavit of a Norfolk Southern employee who made the inspection states, "based on my thirty years of experience in the railroad industry, when a railcar door is ajar and is not bent or otherwise in poor condition, it is an indication that the railcar door had not been closed properly at origin by the shipper." Affidavit of Melvin W. Jarrell, ¶ 4. This assertion directly

---

[2] Plaintiff does not address the issue of whether or not Americold is a rail carrier under 49 U.S.C. § 11706 et. seq.

contradicts the testimony of Americold's employee that the railcar was properly closed and sealed before delivery to Norfolk Southern.

### III.  Breach of Contract

Columbia Farms asserts a cause of action for breach of contract only against Defendant Americold.  Taking the evidence and inferences to be drawn therefrom in the light most favorable to Columbia Farms, the non-moving party, there is a genuine issue of material fact as to whether or not a contract existed between the parties that was breached by Americold.

The affidavit of Mr. Lee, sales manager for Columbia Farms, states that Columbia Farms ships products to the Americold facility almost daily for Americold to freeze, prepare, and store until Columbia Farms sells the product to a customer.  When such a sale occurs, Columbia Farms notifies Americold of the customer, quantity of product, release date, and destination to send the product. The necessary information for shipment is contained in a written freezer release, sent from Columbia Farms to Americold.

South Carolina law provides that a contract is an obligation which arises from actual agreement of the parties, manifested by words, oral or written, or by conduct.  *Timmons v. McCutcheon,* 324 S.E.3d 319 (S.C. App. 1984).  According to the affidavit and deposition of Mr. Lee, the parties follow a regular course of conduct whereby a freezer release is sent to Americold whenever Columbia Farms needs a load of its frozen product to be shipped or picked up.  An average of one or two loads a day is handled between the parties in this way, and Columbia Farms is one of Americold's largest customers.  In consideration for its services, Americold receives payment from Columbia Farms.

Viewing the facts in the light most favorable to Plaintiff, a genuine issue has been presented as to the existence of a contract. The specific terms of the agreement between the parties, and whether or not such agreement was breached by Americold, are properly decided by a factfinder.

## IV. Negligence

Columbia Farms also asserts a cause of action against Americold for negligence. Taking the evidence and inferences therefrom in the light most favorable to Columbia Farms, there exists a genuine issue of material fact as to whether or not Americold's negligence caused Plaintiff's damages. Such evidence has been produced not by Columbia Farms, but rather by Norfolk Southern through the affidavit of Mr. Jarrell.

Mr. Jarrell testified that he inspected the railcar at issue in this matter on September 27, 2003. He observed that the west side door was not bent, was in proper working condition, but was ajar approximately two inches, and that the temperature inside the car was over 50 degrees Fahrenheit. He also observed that the original seal on the railcar door was intact. Based on his thirty years of experience in the railroad industry, Mr. Jarrell opined that a railcar door that is ajar, but not bent or otherwise in poor condition, is an indication that the railcar door has not been closed properly at the origin by the shipper. In this case, the railcar door was closed and sealed by an employee of Americold. Mr. Jarrell further testified that after he informed Norfolk Southern Central Yard Operations in Atlanta of the condition of the railcar and its contents, he was instructed by the Norfolk Southern Damage Prevention Department to break the seal and close the door, which he did. In Mr. Jarrell's opinion, the load was completely lost prior to its arrival in Macon, Georgia.

The affidavit of Mr. Jarrell contradicts Americold's assertion that the railcar door was properly closed and sealed before its delivery to Norfolk Southern, and such evidence presents a

genuine issue as to whether or not Americold was negligent in closing and sealing the railcar. Consequently, the issue of Americold's negligence can not be decided on motion for summary judgment.

## V. The Carmack Amendment

Plaintiff's third cause of action against both Americold and Norfolk Southern is for liability under the Carmack Amendment, and both motions seek summary judgment on this claim.

49 U.S.C. § 11706 addresses the liability of rail carriers for actual loss or injury to property it receives for transportation. Such injury may be caused by a receiving rail carrier, a delivering rail carrier, or another rail carrier over whose line the property in question was transported. 49 U.S.C. § 11706(a)(1)-(3). A shipper establishes a *prima facie* case of negligence under the Carmack Amendment when it shows delivery in good condition, arrival in damaged condition, and the amount of damages. *Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 294 (4th Cir. 1990). Once a plaintiff makes out a *prima facie* case, the burden shifts to the carrier to prove both that it was not negligent, and that the sole cause of the injury was one of the excepted causes relieving the carrier of liability. *Missouri Pacific Railroad Co. v. Elmore & Stahl,* 377 U.S. 134, 138 (1964).[3] Those five exceptions are: act of God, public enemy, act of shipper himself, public authority, or inherent vice or nature of goods. *Id.* at 137.

Americold argues that it is not a rail carrier within the meaning of the statute, and Plaintiff does not contradict this assertion. Under 49 U.S.C. § 10102(5), a rail carrier is defined as "a person providing common carrier railroad transportation for compensation." Plaintiff does not allege that

---

[3] Such exceptions to carrier liability do not include acts of third parties. *Missouri Pacific,* 377 U.S. at 139.

Americold provides common carrier railroad transportation for compensation, and Americold asserts that it is a storage and freezing facility, not a rail carrier. The court agrees that Americold is not a rail carrier subject to liability under the Carmack Amendment.

Plaintiff's motion also seeks summary judgment on this claim, but against Norfolk Southern. Columbia Farms asserts that it has established a *prima facie* case, and that there is no evidence that Norfolk Southern was not negligent or that the destruction of the property falls under any of the above five exceptions. Plaintiff argues that Americold has no responsibility to perform maintenance on the railcar prior to its arrival at the Americold facility, and that Americold ensured that the railcar was properly sealed upon its arrival at the facility.[4] An employee of Americold testified that "freight was tendered to carrier at temperature appropriate to goods and frozen goods were tendered at zero degrees Fahrenheit or below." Deposition of Joe Kinard, p. 31. Columbia Farms contends that the load was destroyed while it was in the custody of Norfolk Southern during transportation to a Columbia Farms' customer.

Norfolk Southern, in response, argues that not only did Plaintiff not establish a *prima facie* case under the Carmack Amendment, but also that the damage was caused by the act of the shipper itself, one of the exceptions to liability under the statute. Norfolk Southern asserts that Americold acted as an agent of Columbia Farms when it requested rail transportation and when it secured the container. As more fully discussed above, Norfolk Southern has presented evidence that the railcar was not properly sealed by Americold, and that the chicken product was spoiled as a result of this negligence.

---

[4] Carolina Farms' arguments supporting its motion are inconsistent with its claims against Americold for damages.

The court finds that the evidence produced by Norfolk Southern is sufficient to establish a genuine issue of material fact as to whether or not the damage to Plaintiff's chicken product was caused by the acts of Americold. This evidence not only precludes summary judgment for Carolina Farms, but also precludes summary judgment for Americold as discussed above.

**CONCLUSION**

For the foregoing reasons, summary judgment is GRANTED to Americold on Plaintiff's third cause of action under 49 U.S.C. § 11706. Americold's motion for summary judgment on the remaining causes of action is DENIED, and Columbia Farms' motion for summary judgment against Norfolk Southern is DENIED. This case shall be placed on the roster for the term beginning October 6, 2005.

**IT IS SO ORDERED.**

s/  Cameron McGowan Currie

CAMERON MCGOWAN CURRIE

UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

August 23, 2005

C:\temp\notesB0AA3C\04-1117-tp-Columbia Farms v. AmeriCold-motions for SJ.wpd